SPENCER FANE LLP
Andrew M. Federhar (No. 006567)
Jessica A. Gale (No. 030583)
2425 East Camelback Road, Suite 850
Phoenix, AZ  85016-4251
Telephone:  (602) 333-5430
Fax:  (602) 333-5431
afederhar@spencerfane.com
jgale@spencerfane.com

Attorneys for Defendant Kingman Airport Authority

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CITY OF KINGMAN, | Case No. |
| Plaintiff, | (Removal from Mohave County Superior Court No. CV2017-00965) |
| v. | **NOTICE OF REMOVAL** |
| KINGMAN AIRPORT AUTHORITY, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446(b), Defendant Kingman Airport Authority ("KAA") provides notice of its removal of the action entitled *City of Kingman v. Kingman Airport Authority*, Mohave County Superior Court No. cv 2017-00965 (the "Action"), to the United States District Court for the District of Arizona, Prescott Division.  There is a federal action pending in this Court (*Kingman Airport Authority v. City of Kingman*, Case No. 3:17-cv-08260-JJT) and KAA is contemporaneously moving to consolidate this Action with the pending action.

KAA is permitted to remove the Action. This Court has jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331 because it implicates Art. I, § 10, Cl. 1 and the Fifth and Fourteenth Amendments of the U.S. Constitution.  The Complaint seeks to impair the

contract between KAA and the City of Kingman (the "City") and deny KAA fair compensation. Thus, KAA's rights under the United States Constitution are in question. The following facts and analysis support KAA's Notice of Removal. Also, the City's Action arises out of the transaction or occurrence that is the subject matter of the KAA's federal lawsuit. As such, the claim in the City's Action is actually a compulsory counterclaim in the pending federal lawsuit under Rule 13(a)(1), Fed. R. Civ. P.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The City and KAA are parties to a lease pursuant to A.R.S. § 28-8424 (the "Lease"), which permits KAA to operate and manage the Kingman Airport. The City now seeks to terminate KAA's leasehold interest through this Action.

The Lease permits the City to terminate the contract if (1) KAA files for bankruptcy; (2) KAA makes an assignment for creditors; (3) KAA commits an act which deprives KAA of its ability to perform its duties; (4) KAA abandons its duties; (5) the failure of KAA to observe the terms of the Lease after the expiration of a 90-day notice and cure period, which can be extended upon the showing by KAA that it is diligently attempting to cure the issue. *See* Third Amendment and Restatement of Lease Agreement, attached hereto as Exhibit 1. The Lease does not provide the City with a right to terminate without cause and solely for its convenience. Importantly, the City has not given notice to KAA that it has committed a breach under the Lease. Instead, the City passed Resolution No. 5113, which states:

> **A RESOLUTION BY THE MAYOR AND COMMON COUNCIL OF THE CITY OF KINGMAN, ARIZONA DECLARING THAT THE KINGMAN AIRPORT AUTHORITY IS FAILING TO UPHOLD THE EXPECTATIONS OF THE LEASE AGREEMENT.**
>
> **WHEREAS**, The City of Kingman has conducted hearings and made inquiries regarding the actions of the Kingman Airport Authority with respect to the operations of the Kingman Airport and associated property subject to that certain lease dated January 20, 1992, between the City of

> Kingman and the Kingman Airport Authority, a lease authorized by City of Kingman Resolutions No. 1601 and 1649; and
>
> **WHEREAS**, The actions at the airport is contrary to the expectations of the parties to the lease. The Kingman Airport Authority is mismanaging the airport and committing waste by, inter alia, failing to maintain and improve the airport while it discourages development; and
>
> **WHEREAS**, The City's assets at the airport are being devalued by the Kingman Airport Authority, and assets are being and have been diverted to improper purposes contrary to the public interest and necessity that attends the operation of the airport.
>
> **NOW, THEREFORE, THE KINGMAN CITY COUNCIL DOES HEREBY RESOLVE:** that the public interest and necessity require the acquisition of the leasehold interest, goodwill, furniture, fixtures, funds, and equipment of and concerning the lease and all rights pertinent to the lease for the good of the City of Kingman and its citizens so that the airport can be put to public use, to wit, operation of the airport owned by the City of Kingman. The City of Kingman is therefore authorized to acquire the interest in the aforementioned legal property including the leasehold interest, goodwill, furniture, fixtures, equipment, and any and all funds pursuant to the provisions of A.R.S. § 12-1111, *et seq*.

In effect, Resolution No. 5113 impairs KAA's rights under the Lease in violation of both the United States and Arizona Constitutions, seeks to authorize the taking of KAA's interest in real and other property without just compensation, and both impairs and deprives KAA of its right to pursue remedies under the Lease.

On December 5, 2017, the City filed the Action, seeking immediate possession of KAA's leasehold interest in operating the airport and possession of other tangible and intangible assets that are not interests in real property. KAA was served with a copy of the Summons, Complaint, Application for Immediate Possession, and Order Setting Hearing on Application for Immediate Possession by personal service on December 6, 2017. This Notice of Removal is being filed within 30 days of service. Accordingly, KAA seeks to remove the City's Action to this Court pursuant to 28 U.S.C. § 1331

1  because it raises questions concerning KAA's rights under the U.S. Constitution.

## II. LEGAL ANALYSIS

The Action is removable pursuant to 28 U.S.C. § 1441(a) because the district courts of the United States have original jurisdiction over the Action. Specifically, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this Action arises under the U.S. Constitution. The City's state law claim "necessarily turn[s] on the construction of a substantial, disputed federal question," and is therefore removable to federal court. *Laughton v. Tenet Healthcare Corp.*, No. CV-15-1310-PHX DGC, 2015 WL 5611520, at *1 (D. Ariz. Sept. 23, 2015) (citing *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996)); *see also Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). The City brings this Action pursuant to the authority given to it by Resolution No. 5113, which turns on two constitutional provisions. First, the City seeks to invoke its takings power under Arizona law and the Arizona Constitution which implicates KAA's rights under the Fifth and Fourteenth Amendments of the U.S. Constitution because it seeks to condemn KAA's leasehold interest without just compensation. *See* U.S. Const. amend. 5 (". . . nor shall private property be taken for public use, without just compensation."); U.S. Const. amend. 14, § 1 (". . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . .").

Second, through Resolution No. 5113, the City seeks to impair KAA's rights under the Lease by using its power of eminent domain to circumvent the terms of the Lease. However, the City cannot create a law that impairs the Lease under the Contract Clause of the United States Constitution. U.S. Const. Art. I, § 10, Cl 1 ("No State shall enter into any . . . Law impairing the Obligation of Contracts . . . ."). The City's Application for Immediate Possession in the Action acknowledges that its condemnation claim unavoidably raises a federal question: whether the City is permitted to condemn property

1  despite the "Constitutional prohibition against impairment of contract." Application at 6.
2  The City and KAA disagree about the robustness of the protections of the Contract
3  Clause; however, the parties appear to agree that their dispute requires the Court to decide
4  if the power of eminent domain can trump the protections of the Contract Clause. The
5  question as to the interplay between two portions of the U.S. Constitution is a sufficient
6  ground for federal jurisdiction. *See New York City Dep't of Educ. v. S.H. ex rel. D.H.*, No.
7  13 CIV. 3499 AJN, 2014 WL 572583, at *4 (S.D.N.Y. Jan. 22, 2014) ("Even if the City is
8  wrong, the question of whether its interpretation of the [federal statute] is correct would
9  be a sufficient ground for federal jurisdiction.").

10  An ordinance violates the Contract Clause if it substantially impairs a contract. *S.*
11  *Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). "[T]he Supreme
12  Court narrowly construes the Contract Clause to ensure that local governments can
13  effectively exercise their police powers. . . . However, a 'higher level of scrutiny is
14  required' when the legislative interference involves a public rather than a private
15  obligation." *Id.* An impairment is substantial if it deprives a party of "an important right,
16  thwarts performance of an essential term, defeats the expectations of the parties, or alters a
17  financial term." *Id.* at 890 (citations omitted). In addition, if a municipality enacts an
18  ordinance that impairs its own contract, then it "has the burden of establishing that the . . .
19  ordinance is both reasonable and necessary to an important public purpose." *Id*. at 894.
20  When assessing reasonableness, the Court considers "the extent of the impairment as well
21  as the public purpose to be served. . . . An 'impairment is not a reasonable one if the
22  problem sought to be resolved by an impairment of the contract existed at the time the
23  contractual obligation was incurred.'" *Id*. at 894-95 (citations omitted). An impairment is
24  also not necessary if "more moderate alternatives would serve . . . [its] purposes equally
25  well without impairing" the contract. *Id*. at 896. Finally, when a municipality seeks to
26  take property without compensation, the contract is impaired. *Horwitz-Matthews, Inc. v.*

PH 103075

1  *City of Chicago,* 78 F.3d 1248,1251 (7th Cir. 1996) (citing *Ruckelshaus v. Monsanto Co.,*
2  467 U.S. 986, 1016 (1984)).

3        The resolution passed by the City authorizing the condemnation of KAA's
4  leasehold interest seeks to deprive KAA of all of the bargained for benefits and remedies
5  in the Lease.  The City also denies that it owes KAA any compensation.  *See* Notice of
6  Condemnation dated November 14, 2017 at 2, referenced in Complaint ¶ 9, attached
7  hereto as Exhibit 2. This is a complete impairment.  And, the impairment is neither
8  necessary nor reasonable because more moderate alternatives exist.

9        The public purpose stated in the City's resolution was to address KAA's alleged
10 failure to properly operate, maintain and improve the airport.  This alleged problem was
11 anticipated at the time the City incurred the contractual obligation: the Lease allowed the
12 City to terminate KAA's tenancy if it failed to meet its obligations to maintain the
13 property after notice and a right to cure.  Indeed, the City reserved the right, but not the
14 obligation, to spend its own money to improve all publically-owned facilities at the
15 airport.  *See* Exhibit 1, ¶ 12(C). These contractual provisions prove that the impairment
16 via ordinance is not necessary because the City can exercise its default remedy under the
17 Lease as a more moderate solution, or can expend its own money to make improvements
18 on public facilities.  Under the Lease, a simple notice of default would require KAA to
19 correct the problem within 90 days or, at least, furnish satisfactory evidence that it is
20 continuously and diligently attempting to correct the problem.  Resolution No. 5113
21 substantially impairs KAA's rights under the Lease because it prohibits KAA from
22 pursuing its ordinary state-law remedies when the City has breached the Lease.  *Pure*
23 *Wafer Inc. v. City of Prescott*, 845 F.3d 943, 952 (9th Cir. 2017); *Horwitz-Matthews, Inc.*,
24 78 F.3d at 1250  ("Unless the form affects the promisee's remedy--unless the city council
25 has been delegated authority by the state to modify the law of contracts, which is state
26 rather than municipal law--there is no impairment of the obligation of the city's

PH 103075

contracts."). This is an impairment of contract and a violation of the Contracts Clause of the U.S. Constitution.

The issue of whether the condemnation is constitutional is an essential element of the City's claim. Even though the City did not plead compliance with the federal constitution, it is still an element of the City's claim. *See, e.g.*, *Nat'l Compressed Steel Corp. v. Unified Gov't of Wyandotte Cnty./Kan. City*, 38 P.3d 723, 733 (Kan. 2002) ("The power of eminent domain must be exercised in strict accordance with its essential elements in order to protect the constitutional right of the citizen to own and possess property against an unlawful perversion of such right."). The Court must resolve whether Resolution No. 5113 unconstitutionally impairs the Lease before it can consider whether the City is otherwise entitled to condemn the leasehold interest under the laws of eminent domain and pay no just compensation. Therefore, a substantial, disputed federal question exists between the parties, which confers jurisdiction on this Court and allows this Action to be removed.

### A. The requirements of 28 U.S.C. §§ 1446(b)(1) and (b)(2) are met.

In accordance with 28 U.S.C. § 1446(b), KAA's Notice of Removal is timely filed. KAA was served with a copy of the Complaint, Application for Immediate Possession, Summons, and Order Setting Hearing on Application for Immediate Possession by personal service on December 6, 2017. *See* Exhibit 3. Pursuant to 28 U.S.C. § 1446(a), a notice of removal must be filed within thirty (30) days after the defendant's receipt of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, KAA's Notice of Removal dated December 14, 2017, is timely.

### III. LIST OF ATTACHED PROCESS, PLEADINGS AND ORDERS

Pursuant to 28 U.S.C. § 1446(a) and L.R. Civ 3.6, KAA attaches to this notice true and complete copies of all pleadings and other documents filed in the state court

PH 103075

proceeding and served upon it in the Action. *See* Exhibit 3. KAA also attaches to this notice a true and complete copy of its Opposition to Motion for Immediate Possession and Motion to Dismiss filed on December 14, 2017. *See* Exhibit 4.

### IV. SERVICE OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), and contemporaneous with the filing of the instant Notice of Removal, KAA is filing a Notice of Removal to Federal Court with the Mohave County Superior Court regarding the filing of this Notice of Removal, which satisfies the requirements of 28 U.S.C. § 1446(d).

DATED this 14th day of December, 2017.

SPENCER FANE LLP

By *s/ Andrew M. Federhar*
Andrew M. Federhar
Jessica A. Gale
Attorneys for Defendant Kingman
Airport Authority

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daryl Williams
BAIRD WILLIAMS & GREER
6225 N. 24th St., Suite 125
Phoenix, AZ  85016
Attorney for Plaintiff
DarylWilliams@bwglaw.net

*s/ Katrina Thomas*

PH 103075