BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Daryl M. Williams (004631)
darylwilliams@bwglaw.net
Attorneys for plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Kingman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Kingman Airport Authority,<br><br>　　　　　Defendant. | No. 3:17-CV-08272-PHX-DLR<br><br>**Motion to Remand**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

  The complaint forming the basis of the removal in this case does not raise any federal question or issue. The complaint, attached as exhibit 3D to the notice of removal[1] is based wholly and exclusively on state law. Paragraph one of the complaint says "This court has jurisdiction pursuant to Arizona Constitution, Art. II, § 17, Art. XIV, § 9, and A.R.S. § 12-1111, *et seq.*" The complaint goes on to say in paragraph seven that the City of Kingdom has the right to condemn this property because of the foregoing constitutional statutory provisions and pursuant to A.R.S. § 28-8411, which allows a city to "acquire, establish, construct, own, lease, equip, improve, maintain, operate and regulate airports. . . ." The complaint at paragraph nine says that there was a written offer and notice of condemnation delivered pursuant to A.R.S. § 12-1116, and that the property was duly posted pursuant to A.R.S. § 12-1116(B). Finally, the complaint, at paragraph two, alleges that venue is appropriate in Mohave County pursuant to A.R.S. § 12-1116.

  The defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.

---

[1] Docket 001, Notice of Removal.

> For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law.[2]

A lot of stuff was filed with the notice of removal in aid of the defendant's argument that the complaint "implicates Art. I, § 10, C.L. 1, and the Fifth and Fourteenth Amendments of the U.S. Constitution."[3] This implication argument was dealt a death blow in 1936. A United States District Court and the Fifth Circuit had sustained removal jurisdiction because the issue involved in the case "by necessary implication would involve the construction of a federal tax statute."[4] The quietus was simple and direct:

> A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [citations omitted] and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. [Citations omitted.] Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.[5]

Underscoring its ruling, the United States Supreme Court said that suit brought upon a state statute or, by inference, a state constitution, does not arise under an act of congress or the Constitution.

> By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.[6]

The Supreme Court reemphasized the narrow nature of removal jurisdiction in 1983 in the following language:

> One powerful doctrine has emerged, however—the "well-pleaded complaint" rule—which as a practical matter severely limits the number of cases in which state law "creates the cause of action" that may be

---

[2]*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

[3]Docket 001, Notice of Removal, at 1.

[4]*Franchise Tax Board*, 463 U.S. 1 at 112.

[5]*Id*. at 113.

[6]*Id*. at 116.

2

> initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts.
>
>> "[Whether] a case is on arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."[7]

The United States Supreme Court addressed this issue again in 1987, which resulted in the now-famous language that makes the plaintiff the master of the complaint.

> The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.[8]

Not even the naive lawyer is justified in removing a case like this because Rule 11 applies. The lawyer is obliged to understand what is and is not removable under the removal statute. After all, the narrow limit of removal jurisdiction has been on the books since 1887, and that rule means the sorts of claims and defenses the defendant apparently wants to raise in the state court proceeding do not authorize a removal.

> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as pre-emption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. See Act of Mar. 3, 1887, ch. 373, 24 Stat. 552, as amended by Act of Aug. 13, 1888, ch. 866, 25 Stat. 433. Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.[9]

---

[7]*Id.* at 463 U.S. 1, 9–10, citing *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914).

[8]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[9]*Id*. at 392–393.

1    The plaintiff certainly does not concede that there will ever be any federal issues or questions involved in this rather routine condemnation case based upon Arizona's Constitution and Arizona's statutes. Certainly, no such issues are raised on the face of the plaintiff's complaint in state court, so this removal is wholly improper.

It is noteworthy that this removal was filed on the eve of an immediate possession hearing. The defendant surely did not want that hearing to go forward, so this removal was the only alternative. Filing a matter for delay or to needlessly increase the expense of litigation is a violation of Rule 11.[10]

The defendant was not bothered by the memorandum of law filed in the state court showing there are no Constitutional or federal issues in this case,[11] nor was the defendant bothered by the fact that a motion to dismiss its earlier-filed action in this court before Judge Tuchi showed, likewise, the absence of federal issues.[12] The defendant simply will not accept the reality that a condemnation case does not implicate the Constitution in any respect.

## CONCLUSION

The notice of removal filed in this case is completely specious. A filing is frivolous for purposes of Rule 11 when the filing is legally baseless from an objective perspective and the attorney has not conducted a reasonable and competent inquiry before signing and filing.

> As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry."[13]

///

///

///

---

[10] Fed. R. Civ. P. 11(b)(1).

[11] Docket, 001, Notice of Removal, exhibit 3(c).

[12] Docket 010, 3:17-cv-08260-PHX-JJT. (Judge Tuchi).

[13] *Holgate v. Baldwin*, 425 F.3d 671, 676 (2005) (emphasis in original), citing *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co.*, SEC. Litig.) 78 F.3d 431, 434 (9th Cir. 1996).

4

The court may and should enter a show-cause order re Rule 11 sanctions in this case *sua sponte*.[14] Moreover, Rule 11 requires such sanctions to be against the lawyer, not the client.

Respectfully submitted this 15th day of December, 2017.

                                        */s/ Daryl M. Williams*
                                        Daryl M. Williams (#004631)
                                        *Baird, Williams & Greer, LLP*
                                        6225 North 24th Street, Suite 125
                                        Phoenix, Arizona 85016
                                        darylwilliams@bwglaw.net
                                        (602) 256-9400
                                        Attorneys for plaintiff

---

[14] Fed. R. Civ. P. 11(c)(5)(A). The plaintiff files this motion the day after removal, so the twenty-day notice required before filing a motion for sanctions has not elapsed.

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, I filed the Motion to Remand via the clerk's CM/ECF filing system, and copies were electronically transmitted via the Clerk's ECF Filing system to the following:

Andrew M. Federhar
Jessica A. Gale
*Spencer Fane LLP*
2425 E. Camelback Rd., Suite 850
Phoenix, AZ 85016-4251
afederhar@spencerfane.com
jgale@spencerfane.com

Copy mailed and emailed this same day pursuant to LRCiv 5.4 to:

Douglas L. Rayes
Judge, U.S. District Court of Arizona
Sandra Day O'Connor US Courthouse, Suite 526
401 W. Washington, SPC 79
Phoenix, AZ 85003-2162
rayes_chambers@azd.uscourts.gov

*/s/ Daryl M. Williams*